583 A.2d 1239

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William K. BOWMAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed Dec. 21, 1990.

William F. Cercone, Jr., Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

The Appellant was charged with one count of Accidents Involving Death or Personal Injury, 75 Pa.C.S.A. § 3742(a) and (b)(2), and Duty to Give Information and Render Aid, 75 Pa.C.S.A. § 3744, commonly known as leaving the scene of an accident, and one count of Driving While Operating Privilege is Suspended or Revoked, 75 Pa.C.S.A. § 1543(a) and (b). Appellant proceeded to a trial by jury on the first two charges, and the third charge, being a summary offense, was decided by the trial judge alone. Appellant was convicted of all charges.

In this appeal Appellant raises two issues:

1. Whether the trial court violated the Appellant's privilege against self-incrimination by reversing a pre-trial ruling excluding any evidence concerning the suspension of the Appellant's operating privileges; and

2. Whether the trial court erred in denying Appellant's counsel's request for a mistrial due to the prosecutor's question to the Appellant regarding his license suspension.

Because we believe that a mistrial should have been granted when the prosecutor questioned the Appellant regarding prior license suspensions, we reverse the trial court.

The incident giving rise to the charges arose when one Arthur Wolf, while crossing Beers School Road in Moon Township, Allegheny County, was struck by an automobile. Appellant admitted driving the vehicle, but contended that, while he thought he struck a pothole or a bird or animal, he was unaware that he had struck a human being. He acknowledged leaving the scene. At the time of the accident, the Appellant's operator's license had been suspended, and initially the court ruled that since the charge of driving while operating privileges were suspended would not be decided by the jury, it would be improper to introduce this fact before the jury. After the Commonwealth rested, however, and before the defense began, the court, *sua sponte*, announced that it had reconsidered its ruling. The court advised both counsel that the fact that Appellant had no operating privileges at the time of the accident might become relevant as a motive for his fleeing the scene. In spite of this indication by the court that it would reconsider its prior ruling, the defendant took the witness stand and on cross-examination was asked: "Did you know or think that you hit a person?". Defendant responded: "I did not. I would have stopped. I had no reason to not stop". (N.T. 118). In view of this answer by Appellant, the court then permitted the prosecutor to inquire about Appellant's license suspension. The prosecutor, on re-cross examination, went further and asked Appellant: "Would you also consid-

er it, would I be fair in saying it is quite a mistake to have your license suspended eight times since 1981?" (N.T. 155). Counsel for Appellant objected and asked for a mistrial, which was denied. Because of various side-bar discussions, the court directed the court reporter on two occasions to read back the original question regarding these prior license suspensions. Appellant answered: "I am not quite sure if you are accurate on everything you say there. Things are pending on this". (N.T. 159).

We believe the trial court erred in not granting the mistrial under the circumstances. In its opinion denying post-verdict motions, the court believed that the evidence of Appellant's guilt was so overwhelming that the question of the prosecutor did not deny him a fair trial. The Commonwealth argues that same position before us.

While the evidence was overwhelming that the Appellant was the driver of the vehicle which struck the victim, and that the vehicle left the scene of the accident, Appellant contended that he was unaware that he struck a human being. In fact, the two witnesses in his vehicle also testified that while they were aware of a loud noise, they, too, were unaware that a person had been struck. Appellant's credibility as to his knowledge, therefore, was a critical issue in the case.

*Commonwealth v. Randall,* 515 Pa. 410, 528 A.2d 1326 (1987) allows the introduction of prior convictions of *crimen falsi* to impeach a witness where the convictions occurred within ten years of the date of the incident for which the defendant is on trial. Since the offenses of driving under suspension are not crimes of *crimen falsi,* their introduction into evidence ordinarily would not be permitted. Nor would the prior convictions be admissible under the motive, intent, common scheme, identity, accident or lack of mistake exceptions as noted in *Commonwealth v. Brown,* 489 Pa. 285, 414 A.2d 70 (1980). While the fact that the Appellant was under suspension at the time of the accident could establish a motive for his fleeing the scene of the accident, the same cannot be said for various other license suspen-

sions since 1981. Any connection is too tenuous. We believe it was error to permit the question and answer, and the trial court and the Commonwealth in this appeal seemed to reluctantly acknowledge that, contending the error, however, was harmless.

We now turn to the question of whether the error was harmless. Pursuant to the teaching of *Commonwealth v. Williams*, 524 Pa. 404, 573 A.2d 536 (1990) the burden of proving that the error was harmless is on the Commonwealth.

Error is considered to be harmless where:

(1) The error did not prejudice the defendant or the prejudice was *de minimis;* or

(2) The erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or

(3) The properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Williams*, at 407, 573 A.2d at 538.

We are unable to say, beyond a reasonable doubt, that the improper questioning regarding eight different license suspensions since 1981 was *de minimis*. Nor are we able to say that the properly admitted evidence of guilt was so overwhelming that the error could not have contributed to the verdict because here, as in *Williams*, the properly admitted evidence of guilt was not uncontradicted. "... the properly admitted evidence of guilt must be uncontradicted for error to be held harmless beyond a reasonable doubt". *Commonwealth v. Williams*, at 411, 573 A.2d at 539. The testimony of Appellant, and the witnesses in his vehicle, contradicted the circumstantial evidence of the Commonwealth tending to show that Appellant knew he had struck a human being.

In view of our disposition of the matter, it is unnecessary to decide the first issue raised by Appellant.

530

The judgment of sentence is vacated, and the case is remanded for a new trial. Jurisdiction relinquished.