638 A.2d 244

**COMMONWEALTH of Pennsylvania**

v.

**Richard C. YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 1994.

Filed March 9, 1994.

Kyle W. Rude, Asst. Public Defender, Bellefonte, for appellant.

April L. Chamberlain, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before CIRILLO, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge:

Richard Young appeals from the judgment of sentence. He asserts that the trial court erred in granting the Commonwealth's motion *in limine* to preclude him from impeaching Commonwealth witness Tina Ward with her 1989 conviction for summary retail theft. We agree.

Young's conviction stems from the robbery of a convenience store in Centre County. Larry Lamey, the store clerk, testified that a white male wearing a black hooded sweatshirt and having black rectangles marked on the knuckles of his left hand robbed him on November 23, 1991. He further testified that the robber's face was obscured by the hood and that he could not identify him. After giving the man the money from the cash register, Lamey saw him run out the door and to the left. A teenager in the area of the store on the night of the robbery testified to seeing a blue car with a male passenger wearing dark clothes. He identified Richard Young as looking like the man he saw in the passenger seat of the blue car.

Tina Ward testified that, along with other people, she lived with Young and her boyfriend in George Mincer's trailer from the middle of December 1991 until the beginning of February 1992. During this time, Young told her he had robbed a store. She also testified that Young had a tattoo on his left hand which he would occasionally black out with a magic marker. Ward testified that she delayed in reporting what she knew to the police because Young had threatened her. Mincer testified that he gave the police a black hooded sweatshirt that Young had left at his trailer. That sweatshirt was admitted into evidence.

In anticipation of Young's alibi defense, the Commonwealth presented Dale Young, defendant Young's cousin, to testify that he was not at defendant's mother's playing cards with defendant the night of the robbery and that he had told defendant he would not lie for him. Dale also testified that he had asked defendant if he robbed the store and defendant said yes. On cross-examination, Dale admitted to being friends with Tina Ward and that Ward and her boyfriend had stayed with him and his family for awhile.

Defendant Young denied robbing the store and testified that he was at his mother's with his cousin and other family members. He further testified that Ward had threatened to "get him" when he refused her sexual advances and he denied telling Ward and his cousin that he had robbed the store. Also, Young denied asking anyone to lie about their where-

abouts and denied owning the black sweatshirt. After hearing the evidence, a jury convicted Young of robbery, making terroristic threats and illegally possessing a firearm as a former convict.

■ Young asserts that the trial court erred in holding that Ward's summary conviction for retail theft could not be used to impeach her credibility. "[E]vidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date." *Commonwealth v. Randall,* 515 Pa. 410, 415, 528 A.2d 1326, 1329 (1987). While *Randall* concerned impeaching defendants, this rule applies equally to all witnesses. *See Commonwealth v. Smith,* 380 Pa.Super. 619, 633–635, 552 A.2d 1053, 1061–1062 & n. 8 (1988), *alloc. denied,* 525 Pa. 581, 575 A.2d 112 (1990); *Commonwealth v. Williams,* 371 Pa.Super. 509, 513, 538 A.2d 557, 559 (1988), *rev'd on other grounds,* 524 Pa. 404, 573 A.2d 536 (1990). *Randall* does not preclude the use of summary convictions.

■ Our research has not revealed any cases which involve the propriety of impeaching a witness with a summary conviction for a crime involving dishonesty or false statement. *Cf. Commonwealth v. Bowman,* 400 Pa.Super. 525, 583 A.2d 1239 (1990) (holding that since summary offense of driving under suspension is not a *crimen falsi,* the Commonwealth could not impeach defendant with his prior convictions for that crime); *Commonwealth v. Johnson,* 301 Pa.Super. 13, 446 A.2d 1311 (holding that victim could not be impeached with her arrest for summary retail theft because there was no indication that the charge had resulted in a conviction), *modified on other grounds,* 499 Pa. 380, 453 A.2d 922 (1982). We see no reason to adopt a rule prohibiting the use of prior summary convictions of crimes involving dishonesty to impeach the credibility of a witness, particularly when the witness is not the defendant. Since retail theft involves dishonesty and the conviction was less than ten years old, Young should have been allowed

to use the conviction to impeach Tina Ward and it was error to grant the Commonwealth's motion *in limine.*

The trial court's error in refusing to allow Young to impeach Ward with her prior conviction was not harmless. In order to be harmless, we must be convinced beyond a reasonable doubt that:

> 1) the error did not prejudice the defendant or the prejudice was de minimis; or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Williams,* 524 Pa. 404, 407–409, 573 A.2d 536, 538–39 (1990) (citing *Commonwealth v. Story,* 476 Pa. 391, 410–15, 383 A.2d 155, 164–66 (1978)). This test has not been met. Young testified in his defense that he did not rob the store and that he did not tell Ward that he did. Furthermore, he testified that Ward had threatened to "get" him because he did not return her affections. If Young had been allowed to impeach Ward's credibility with her conviction for summary retail theft, the jury may have found Ward's testimony less, and Young's more, credible. Given that much of the evidence against Young was circumstantial, we cannot say beyond a reasonable doubt that the inability to impeach Ward, who testified that Young admitted committing the robbery, could not have contributed to the verdict.

Judgment of sentence is vacated and the case is remanded for a new trial. Jurisdiction is relinquished.