**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Charles Herbert HOWARD,**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 2003.

Filed April 29, 2003.

Steve Rice, Public Defender, Gettysburg, for appellant.

Brian T. Coffey, Asst. Dist. Atty., Gettysburg, for Commonwealth, appellee.

Before: JOHNSON, JOYCE and OLSZEWSKI, JJ.

JOYCE, J.

¶ 1 Appellant, Charles Herbert Howard, Jr., appeals from the judgment of sentence entered April 12, 2002,[1] in the Adams County Court of Common Pleas. For the reasons that follow, we affirm. The relevant facts and procedural history of this case are set forth below.

¶ 2 Appellant was charged with burglary (18 Pa.C.S.A. § 3502), criminal conspiracy to commit burglary (18 Pa.C.S.A. § 903), theft by unlawful taking (18 Pa.C.S.A. § 3921(a)), criminal conspiracy to commit theft by unlawful taking (18 Pa.C.S.A. § 903), and receiving stolen property (18 Pa.C.S.A. § 3925(a)) in connection with the burglary of an Adams County gas station on June 24, 2000. Prior to trial, Appellant filed a motion *in limine* to bar the use of his September 4, 2000 summary conviction for retail theft for impeachment purposes. The trial court denied the motion, and Appellant chose not to testify. Appellant was found guilty at a jury trial of the above charges. On April 12, 2002, the trial court sentenced Appellant to thirty-six months' intermediate punishment on the burglary conviction and found that the balance of the charges merged for purposes of sentencing. Appellant timely appealed and now challenges the trial court's ruling on the motion *in limine*.

¶ 3 Specifically, Appellant asks this Court to decide whether the trial court abused its discretion in ruling that Appellant's prior conviction for retail theft was admissible for impeachment purposes where the prior conviction was graded as a summary offense, and where, as here, Appellant was also on trial for theft-related charges. Brief for Appellant, at 7. We will begin by setting forth our standard of review.

¶ 4 The admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Commonwealth v. Albrecht*, 554 Pa. 31, 52, 720 A.2d 693, 704 (1998). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgement, but where the judgement is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 448, 625 A.2d 1181, 1185 (1993)).

¶ 5 Appellant argues that the Pennsylvania Rules of Evidence should be interpreted to bar the use of summary convictions to impeach the credibility of a defendant who testifies. *See* Brief for Appellant, at 12. He maintains that the probative value of such evidence is limited due to the lack of procedural safeguards attending summary convictions, such as the right to a jury trial and the relaxed enforcement of the rules of evidence. *Id.* at 13. Additionally, Appellant argues that because the prior conviction and the case at bar both involve theft offenses, it is prejudicial because the jury might infer that he acted in conformity with the prior behavior. *Id.* at 13—14.

¶ 6 The Pennsylvania Rules of Evidence contemplate the impeachment of a witness through the use of his or her prior convic-

---

1. We note that Appellant was sentenced April 10, 2002, but that the docket does not reflect the filing of judgment until April 12, 2002. Therefore, we will utilize April 12, 2002 for purposes of our discussion, and we have corrected the caption accordingly.

tions. Pa.R.E. 609 states in pertinent part:

Rule 609. Impeachment by evidence of conviction of crime

(a) General Rule

For the purpose of attacking the credibility of **any witness**, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, shall be admitted if it involved dishonesty or false statement.

(b) Time Limit

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Pa.R.E. 609(a)(b) (emphasis supplied).[2]

■ ¶ 7 The language of the rule is clear—there is no distinction drawn between a witness who is not a defendant and a witness who is a defendant. In fact, our Supreme Court has ruled that a defendant can be impeached with his or her own prior convictions. *See Commonwealth v. Randall,* 515 Pa. 410, 528 A.2d 1326 (1987) (holding that a conviction for an offense involving dishonesty or false statement may be used to impeach the credibility of a

defendant who chooses to testify). Furthermore, neither Pa.R.E. 609 nor case law interpreting the rule contain restrictions upon utilizing a summary conviction for impeachment purposes. *See Commonwealth v. Young,* 432 Pa.Super. 318, 638 A.2d 244 (1994) (holding that summary convictions of crimes involving dishonesty could be used to impeach the credibility of a witness). We note however, that in *Young,* the witness was not the defendant, a fact that was also noted by that panel. *See Young, supra,* at 246. Nevertheless, we reiterate that the clear language of the rule, as promulgated by our Supreme Court, does not differentiate between a witness and a defendant witness; the rule reads "any witness," and the discretion for admission of the prior conviction rests with the trial court.

¶ 8 While Appellant has presented his argument in a skillful manner, we do not find that Pa.R.E. 609 lends itself to the restrictive interpretation he urges this Court to accept. Furthermore, we find no abuse of discretion in the trial court's denial of Appellant's motion *in limine.* The trial court properly applied Pa.R.E. 609, and there is no evidence of record that the denial was manifestly unreasonable or the result of partiality, prejudice, bias, or ill will. Accordingly, we affirm the judgment of sentence.

¶ 9 Judgment of sentence affirmed.

---

2. It is undisputed that retail theft is a crime involving dishonesty. *See Commonwealth v. Vitale,* 445 Pa.Super. 43, 664 A.2d 999, 1002– 1003 (1995) (citing *Allen v. Kaplan,* 439 Pa.Super. 263, 653 A.2d 1249, 1253 (1995)).