J-S06027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANNETTE SHADDING | |
| Appellant | No. 948 EDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000097-2015

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 28, 2017**

Appellant, Annette Shadding, appeals from the judgment of sentence of four years of probation, imposed March 1, 2016, following a bench trial resulting in her conviction for simple assault and recklessly endangering another person ("REAP").[1]  We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 7/19/16, at 1-4.  At some time in 2014, Appellant stored some of her belongings in the home of Neshea Jackson.  After some time passed, Ms. Jackson contacted Appellant to request that she pick up the belongings. Appellant was very angry during this phone call.

---

[1] 18 Pa.C.S. § 2701(a), 2705.

[*] Former Justice specially assigned to the Superior Court.

On December 22, 2014, Appellant approached Ms. Jackson, who was walking with her children. Ms. Jackson informed Appellant she could not speak at that time. In response, Appellant hit Ms. Jackson with an unidentified object in the left shoulder and the forehead. Ms. Jackson fell to the ground, hitting her head and shoulder, and the two women began to struggle. During the altercation Appellant "gnawed" on Ms. Jackson's finger. Ms. Jackson did not strike Appellant in return, but attempted to pull herself up from the ground.

Police officers arrived and observed Ms. Jackson with visible injuries, including a large knot on her head and "a cut."[2] Ms. Jackson identified Appellant as her assailant. Appellant lied to police officers about her identity. Further, police officers observed Appellant had no visible injuries, was not wearing an arm brace, and did not have her arm zipped into her jacket. Ms. Jackson lost consciousness[3] and was taken by ambulance to the Hospital at the University of Pennsylvania, where she was diagnosed with a broken shoulder and head trauma. As a result of her injuries, Ms. Jackson underwent surgery and physical therapy.[4]

---

[2] The record does not indicate where Ms. Jackson was cut.

[3] **See** Notes of Testimony (N.T.), 12/29/15, at 74.

[4] The Commonwealth introduced medical records, including x-rays, as well as photographs taken the night the incident occurred, to illustrate Ms. Jackson's injuries. **See** N.T., at 27-28, 29-32.

Appellant was arrested and charged with aggravated assault, possession of an instrument of crime,[5] simple assault, and REAP. The matter proceeded to trial.

At trial, Appellant testified that in August 2009, she had been in an automobile accident and injured her arm. As a result, she no longer had full use of that arm and wore a brace, which she had zipped into her jacket. According to Appellant, Ms. Jackson instigated the fight by hitting her in the back of the head. Appellant claimed that, as a result of the limited use of her arm, she could not hit Ms. Jackson. She denied striking Ms. Jackson. As a rebuttal to this testimony, counsel stipulated that Appellant had prior convictions for *crimen falsi*, including retail theft and conspiracy.

Appellant was convicted of simple assault and recklessly endangering another person, and she was acquitted of the remaining charges. On March 1, 2016, Appellant was sentenced to an aggregate term of four years of probation.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

Appellant raises the following issue for our review:

1. The trial court erred when it found [Appellant] guilty [of] simple assault and related charges when the evidence was

_____

[5] 18 Pa.C.S. § 2702, 907.

- 3 -

insufficient since self-defense was asserted and the Commonwealth did not overcome its burden to rebut that the facts did not establish self-defense or the force used was excessive.

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant claims that the evidence was insufficient to sustain her convictions because the Commonwealth did not overcome its burden to rebut her self-defense claim. *See* Appellant's Brief at 10. Appellant argues that she was at a "disadvantage" when Ms. Jackson allegedly attacked her, as her disabled arm was zipped up in her jacket. *Id.* Appellant contends that her injuries were consistent with Ms. Jackson being an initial aggressor and that she was engaging in self-defense. *Id.*

We review a challenge to the sufficiency of the evidence as follows.

In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as a verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

Force may only be used in self-defense when immediately necessary to protect oneself. *See* 18 Pa.C.S. § 505(a). When confronted with non-

deadly force, a defendant's responding actions must not be excessive under the circumstances. *See Commonwealth v. Cutts*, 421 A.2d 1172, 1173 (Pa. Super. 1980). Excessive force is not justifiable when repelling an attack by an unarmed assailant. *See Commonwealth v. Witherspoon*, 730 A.2d 496, 499 (Pa. Super. 1999).

With regard to a claim of self-defense, the Commonwealth bears the burden of disproving that defense beyond a reasonable doubt. *See Commonwealth v. Rivera*, 983 A.2d 1211, 1221 (Pa. 2009). This burden may not be sustained solely on the factfinder's disbelief of the defendant's testimony. *Id.*

Here, the evidence Appellant introduced that could potentially support a claim of self-defense was solely based on her own testimony. She offered no other evidence in support of this contention. Appellant claimed that Ms. Jackson had attacked her and that her arm was in a brace and zipped into her jacket during the altercation. Counsel stipulated to Appellant's prior convictions for *crimen falsi* for retail theft and conspiracy. *See* Pa.R.E. 609 ("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime . . . must be admitted if it involved dishonesty or false statement."); *see also Commonwealth v. Howard*, 823 A.2d 911, 913 n.2 (Pa. Super. 2003) (noting that retail theft is *crimen falsi* and may be used to prove a lack of character for truthfulness).

As noted, *supra*, the burden may not be sustained solely on the factfinder's disbelief of the defendant's testimony. *Rivera*, 983 A.2d at 1221. Accordingly, the Commonwealth introduced the testimony of Ms. Jackson, who credibly testified that she was walking down the street with her children and attempted to avoid interaction with Appellant. Ms. Jackson testified that Appellant attacked her, striking her in the head with an unidentified object, and that during the altercation, she did not strike Appellant. Ms. Jackson required surgery for a broken shoulder and physical therapy as a result of injuries inflicted upon her by Appellant. Medical records and photographs corroborated this testimony.

Further, police officers testified that Appellant was not visibly injured following the altercation and that her arm was neither in a sling nor zipped into her jacket. In contrast, Ms. Jackson was visibly injured.

Accordingly, the Commonwealth introduced sufficient evidence to disprove Appellant's claim that she was acting in self-defense and had not used excessive force. *Witherspoon*, 730 A.2d at 499. Based upon the above, the evidence was sufficient for the jury to conclude that the Commonwealth had disproved Appellant's claim of self-defense beyond a reasonable doubt. *Rivera*, 983 A.2d at 1211.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2017</u>