J-A28006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 408 MDA 2021 |

Appeal from the Dispositional Order Entered February 17, 2021
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-JV-0000398-2020

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED:  FEBRUARY 15, 2022**

S.S., a minor, appeals[1] from the dispositional order, entered in the Court

of Common Pleas of York County, adjudicating him delinquent on one count

---

[*] Former Justice specially assigned to the Superior Court.

[1] S.S. purports to appeal from the order denying his post-dispositional motion. However, "[i]n a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***See In the Interest of J.D.***, 798 A.2d 210, 211 n.1 (Pa. Super. 2002) (in juvenile matters appealable order is dispositional order, which is equivalent of judgment of sentence in criminal matters); ***see also Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) ("In a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.").

each of involuntary deviate sexual intercourse (IDSI)[2] and indecent assault.[3] Upon review, we affirm.

K.H., the victim, lived with her Mother, sister, stepfather, and two stepsiblings, one of whom was S.S.[4] While they lived together, K.H. and S.S. would play in S.S.'s room. During some of these playtimes, S.S. would make K.H. touch her mouth to his penis. These "touchings" were always skin-to-skin contact, but K.H. could not recall whether S.S. had clothing on during the events. *See* N.T. Denial Hearing, 8/14/20, at 31.[5] Sometimes, S.S. would insert his penis inside of K.H.'s anus. When K.H. tried to leave these encounters, S.S. would grab her arm and prevent her from exiting the room. These events occurred until K.H. and her Mother moved to a new home in February 2017, in York county.

After moving, K.H. adamantly refused to attend any outings with her stepsiblings. K.H. became more reclusive and preferred to be alone in her bedroom. In September 2018, K.H. and her mother saw a teenage girl who was visibly pregnant. The next day, K.H. asked her mother how girls get

_____

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 3126(a)(7).

[4] These offenses took place between 2014 and 2017. During this time, K.H. aged from 4 years old to 7, and S.S. aged from 11 years old to 14.

[5] We note that this hearing is referred to as a "denial hearing" throughout the record by the trial court and parties. However,

pregnant. Mother, after some discussion, explained how pregnancy occurs. The next day, K.H. told her mother that K.H. thought she was pregnant. K.H. told her mother about the above-described events with S.S. K.H. then told her stepfather as well.

The York County Child Advocacy Center (CAC) conducted two forensic interviews of K.H. in October 2018 and October 2019. At the first interview, K.H. indicated that she was not prepared to speak with the interviewers, and the interview ended. However, at the second interview, K.H., who was nine years old at the time, spoke with Kimberly Hine, a forensic interviewer with CAC. During the interview, Hine conducted a "truth/lie" process to determine whether K.H. could understand and speak the truth, which K.H. successfully completed.[6]

On May 4, 2020, S.S. was charged with the above-mentioned offenses, and, on August 14, 2020, the trial court conducted a denial hearing. On September 1, 2020, S.S. filed a motion for post-adjudicatory relief, in which he argued that the Commonwealth violated **Brady**[7] by failing to disclose Mother's 25-year-old summary retail theft conviction prior to trial. The

---

[6] Ultimately, Hine was qualified as an expert at the denial hearing, and her report was entered into evidence. N.T. Denial Hearing, 8/14/20, at 14, 18. S.S. did not object to Hine's qualifications nor to the admittance of her report. **Id.**

[7] **Brady v. Maryland**, 373 U.S. 83 (1963).

Commonwealth filed a response, and, on October 13, 2020, the trial court conducted a hearing on S.S.'s motion. On October 15, 2020, the court filed an order denying S.S.'s motion.

On February 12, 2021,[8] the court conducted a dispositional hearing via Zoom, after which the court entered its dispositional order, which adjudicated S.S. delinquent, provided that he would be placed on probation, and detailed a list of fines, costs, and restitution he was ordered to pay. Subsequently, S.S. filed a timely post-dispositional motion, in which he argued that the Commonwealth had failed to present sufficient evidence for his convictions, that K.H. was not competent to testify, and that the adjudication was against the weight of the evidence. On March 15, 2021, the trial court denied S.S.'s motion.

S.S. filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, S.S. raises the following issues for our review:

> [1.] Did the [t]rial [c]ourt err when it denied [S.S.]'s request for a new trial when [S.S.] was deprived [of] a fair adjudication hearing and prejudiced by not having [Mother]'s *crimen falsi* conviction and with enough notice prior to trial for [S.S.] to notify the Commonwealth of his intent to use the conviction pursuant to Pa.R.E. 609(b)(2)?
>
> [2.] Did the [t]rial [c]ourt err when it denied [S.S.]'s request for a new trial when [S.S.] was not afforded due process and deprived [of] a fair adjudication hearing as a result of the Commonwealth's

---

[8] The court's dispositional order was not filed with the clerk of courts until February 17, 2021.

- 4 -

failure to turn over **Brady** material because the Commonwealth was aware that the complainant made statements during one or more interviews prior to trial that [S.S.] performed oral sex on the complainant and failed to provide those statements to [S.S.], which resulted in the inability of [S.S.] to present a complete defense as a result of the Commonwealth's violation of mandatory disclosure rules and the evidence was material to guilt and punishment?

[3.] Did the [t]rial [c]ourt err when it sustained the Commonwealth's objection to [S.S.]'s attempt to call an identified character witness for the relevant character traits of [S.S.]'s reputation[,] who was available and willing to testify on [S.S.]'s behalf?

[4.] Did the [t]rial [c]ourt err when it considered the unsworn testimony of the complainant and only fact witness presented by the Commonwealth and thereafter accepted [the complainant's] inadmissible testimony in support of the findings made by the [t]rial court that [S.S.] committed the acts of IDSI and [indecent assault]?

[5.] Did the [t]rial [c]ourt err when it failed to make a searching judicial inquiry as to mental capacity and competency of the complainant, who was ten (10) years of age and testifying about an incident that occurred no less than three (3) years and nine (9) months prior, and thereafter accepted her inadmissible testimony in support of the findings made by the [t]rial [c]ourt finding [that S.S.] committed the acts of IDSI and [indecent assault]?

[6.] Did the [t]rial [c]ourt err when it denied [S.S.]'s request for a new trial challenging the weight of the evidence because the evidence presented was so tenuous, vague, and uncertain that the adjudication of delinquency shocked the conscience when, notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts denies justice?

[7.] Did the [t]rial [c]ourt err when it found that the delinquent acts of IDSI and [indecent assault] were supported by sufficient evidence that [S.S.] committed the act of putting his penis in the complainant's mouth and the act of putting his penis on the complainant's butt beyond a reasonable doubt when there was no testimony or competent evidence that [S.S.]'s penis penetrated

the complainant's mouth or that [S.S.]'s penis touched the complainant's butt for the purpose of arousing sexual desire of [S.S.] and/or complainant?

Brief for Appellant, at 1-2.[9]

In S.S.'s first claim, S.S. contends that he was deprived of a fair trial because the Commonwealth failed to provide him with sufficient notice of Mother's prior *crimen falsi* conviction. Brief for Appellant at 5-7. S.S. argues that the Commonwealth only gave him with 24-hours' notice of Mother's prior conviction, which did not provide S.S. with enough time to serve the Commonwealth with the mandatory prior notice of his intent to use Mother's prior conviction for impeachment purposes. *Id.* at 6.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused

---

[9] Preliminarily, we observe that the Commonwealth has objected to S.S.'s brief as deficient for failure to include a statement of the factual history of this appeal, and for raising an "extraordinary" number of claims. **See** Commonwealth's Brief at 24-27. We disagree. As discussed **infra**, not all of S.S.'s claims are waived for deficient briefing. Rather, we conclude that almost all of his waived claims are waived for failure to properly preserve those claims before the trial court. While the absence of a statement of factual history is a hindrance, it does not, on its own, wholly preclude appellate review. **See Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998) ("The lack of factual background **and** citation to the record, **coupled** with the anemic state of the argument portion of [a]ppellant's brief, represent serious deviations from the briefing requirements of the Rules of Appellate procedure."). Furthermore, seven claims is not an extraordinary number of claims to raise on appeal. **Cf. Estate of Lakatosh**, 656 A.2d 1378, 1379-80 (Pa. Super. 1995) (appellant's 31 issues constituted "extraordinary" number of claims, but this Court declined to quash on this basis). Accordingly, we decline to quash S.S.'s appeal.

its discretion." ***Commonwealth v. Drumheller***, 808 A.2d 893, 904 (Pa. 2002). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record." ***Commonwealth v. Harris***, 884 A.2d 920, 924 (Pa. Super. 2005).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008). Pursuant to Pa.R.E. 401, evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." ***Drumheller***, 808 A.2d at 904. "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Pa.R.E. 609 provides as follows:

**(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a

crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or a false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609 (a)-(b).

When making this determination, the court must determine "the degree to which the commission of the prior offense reflects upon the veracity of the [witness]," the age and circumstances of the witness, the need for the evidence to make the case, and any alternative means of attacking the witness's credibility. ***Commonwealth v. Palo***, 24 A.3d 1050, 1057 (Pa. Super. 2011)

Instantly, K.H.'s mother was convicted of summary retail theft[10] 25 years prior to the instant appeal. ***See*** Order, 10/15/20, at 2. On October 13, 2020, the trial court conducted a hearing on whether the Commonwealth had failed to promptly disclose Mother's prior conviction, and on October 15, 2020,

---

[10] Summary retail theft is categorized as a *crimen falsi* offense for purposes of Rule 609 impeachment. ***See Commonwealth v. Howard***, 823 A.2d 911, 913 (Pa. Super. 2003).

it issued an order in which it concluded that Mother's prior conviction would not have been admissible. **See id.** at 1-7. The trial court's order states:

> The primary witness for the Commonwealth, outside of the victim, was the victim's mother. The victim's mother has a summary conviction for retail theft . . . [which] was committed while the victim's mother was a juvenile[. The conviction] was 25 years old as of the date of the denial hearing. [The] Commonwealth provided 24 hours' notice of the [mother's] criminal record. [S.S.'s] counsel complained that the notice was insufficient.

> It should first be noted that this issue was not raised during the denial hearing. In any case, the conviction was for a matter that was so remote in time as to be of no consequence. The [c]ourt found that the victim's testimony as to two sexual acts perpetrated upon her by [S.S. was] credible. Cross-examination of the victim's mother as to the retail theft would have made no ultimate difference in the [c]ourt's findings.

**See id.** at 2-3. The trial court then concluded that the probative value was of "no consequence." **Id.**

Our review of the record reveals that S.S. did not attempt to admit evidence of Mother's summary retail theft conviction until *after* the trial.[11] As highlighted above, the trial court reviewed the parties' respective motions regarding this claim, took evidence and exhibits, and concluded that Mother's 25-year-old conviction had no probative value and would not have changed its conclusion regarding S.S.'s culpability. **See** Order, 10/15/20, at 1-4.

---

[11] S.S. claims that he did not receive notice of the conviction, but concedes in his argument that the Commonwealth provided notice of Mother's conviction. **See** Brief for Appellant, at 6.

- 9 -

Based upon the foregoing, we discern no abuse of discretion on behalf of the trial court in denying S.S.'s motion. **See Drumheller**, **supra**; **Harris**, **supra**.

In S.S.'s second claim, he contends that he was deprived of a fair trial because the Commonwealth violated **Brady** when it did not provide S.S. with evidence favorable to his defense. Brief for Appellant at 7-8. In particular, S.S. asserts that, in her CAC interviews, K.H. had stated S.S. performed oral sex on her. **Id.** S.S. argues that this statement was not contained in any discovery and could not have been obtained through the exercise of due diligence, because it was made during an interview between K.H. and agents of the Commonwealth. **Id.** S.S. claims that he suffered prejudice from this non-disclosure, because K.H.'s credibility was of the utmost importance in this case, and knowledge of this statement would have changed his approach in cross-examining K.H. and Mother. **Id.** at 8.

Our Supreme Court has explained that

> in order to establish a **Brady** violation, a defendant must show that: (1) the evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material in that its omission resulted in prejudice to the defendant. However, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. Rather, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confident in the outcome.

***Commonwealth v. Williams***, 168 A.3d 97, 109 (Pa. 2017) (citations, quotation marks, and brackets omitted).

Preliminarily, we disagree that this statement was favorable to S.S.'s defense. Indeed, this statement goes directly against S.S.'s interests and his defense at trial, because it details a third sexual offense allegedly perpetrated by S.S. against K.H. Moreover, S.S. provided no discussion as to *how* knowledge of this statement would have "changed" his cross-examination approach in any way, let alone how it would have impacted K.H.'s credibility. Thus, S.S. has failed to demonstrate how the evidence was favorable to him, and what prejudice he suffered. ***See Williams***, ***supra***. Accordingly, this claim lacks merit.

In S.S.'s third claim, he contends that the trial court erred in sustaining the Commonwealth's objection to S.S.'s character witness. Brief for Appellant, at 8-10. S.S. asserts that, at trial, he had a character witness ready to testify to his traits of peacefulness, nonviolence, and chastity. ***Id.*** at 9. S.S. argues that the Commonwealth improperly objected that S.S. had not provided notice of this witness. ***Id.*** S.S.'s asserts that the trial court erred in sustaining the Commonwealth's objection, because he is not required to provide notice to the Commonwealth under Pa.R.E. 404. Brief for Appellant, at 8-10.

Preliminarily, we observe that S.S. has failed to preserve this claim before the trial court and, thus, has waived it for our review. Our review of the record reveals that S.S. attempted to introduce a character witness, and

- 11 -

the Commonwealth objected. N.T. Denial Hearing, 8/14/20, at 114. The trial

court sustained the Commonwealth's objection. *Id.* Immediately afterwards,

the following exchange occurred:

> The Court: . . . I'm not going to allow the witness. Yeah. I don't see that his testimony adds to the fact if [S.S.] – I think we can agree [S.S.] does not have a juvenile delinquency.
>
> \* \* \*
>
> The Court: So[,] I would accept [that S.S.] has no juvenile delinquency background, has no history of juvenile delinquency with the system. The [c]ourt will accept that as a matter of fact that that's the case.
>
> [Defense Counsel]: That's fair

*Id.* at 115.

> Pennsylvania Rule of Evidence 103 provides, in relevant part, as follows:
>
> **(a) Preserving a Claim of Error**. A party may claim error in a ruling to admit or exclude evidence only:
>
> > (1) if the ruling admits evidence, a party, on the record:
> >
> > > (A) makes a timely objection, motion to strike, or motion *in limine*; and
> > >
> > > (B) states the specific ground, unless it was apparent from the context
>
> **(b) Not Needing to Renew an Objection or Offer of Proof.** Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Pa.R.E. 103 (a)-(b). Additionally, Pa.R.A.P. 302 provides that "[i]ssues not

raised in the lower court are waived and cannot be raised for the first time on

appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection

- 12 -

below constitutes a waiver" of the claim on appeal. ***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008).

Based upon the foregoing, we conclude that S.S. has waived this claim for our review. While S.S. initially sought to introduce the character witness, the Commonwealth objected, and the trial court sustained that objection. N.T. Denial Hearing, 8/14/20, at 112-15. The court then placed its rationale on the record and S.S. did not voice any objections to the court's ruling. Rather, S.S. acquiesced to and accepted the court's ruling as "fair." ***Id.*** at 115. Accordingly, S.S. has waived this claim.[12] ***See*** Pa.R.E. 103; Pa.R.A.P. 302(a).

We will address S.S.'s fourth and fifth claims together, as he does so in his brief. In his fourth claim, S.S. asserts that the trial court erred by accepting K.H.'s testimony without swearing her in. Brief for Appellant, at 10. In his fifth claim, S.S. contends that the trial court erred by failing to inquire as to K.H.'s mental capacity and competency, where K.H. was 10 years old at the time of the trial. ***Id.*** at 10-12. In support of this claim, S.S. contends

---

[12] Furthermore, we observe that S.S. does not assert, nor demonstrate, how the trial court's ruling prejudiced him. ***See*** Brief for Appellant, at 8-10. Rather, he generally asserts that good character evidence is always admissible, and baldly claims that the trial court erred in preventing his character witness from testifying. ***See id.*** at 9-10. This too, is grounds for waiver. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

- 13 -

that K.H.'s alleged incompetency is evidenced by her inconsistent statements at his trial. *Id.*

A party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks "the minimal capacity . . . (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." ***Commonwealth v. Delbridge***, 855 A.2d 27, 40 (Pa. 2003). Generally, "[c]ompetency of a witness is presumed, and the burden falls on the objecting party to demonstrate incompetency." ***Commonwealth v. D.J.A.***, 800 A.2d 965, 969 (Pa. Super. 2002). "A competency hearing is not concerned with credibility. Credibility involves an assessment of whether or not what the witness says is true; this is a question for the fact finder." ***Delbridge***, 855 A.2d at 40 (citation omitted). Additionally, "[a]n allegation that the witness's memory of the event has been *tainted* raises a red flag regarding competency, not credibility." *Id.* (emphasis added). Thus, it must be demonstrated that a witness's memory has been affected so that her recall of events may not be dependable. *Id.*

Preliminarily, we observe that both of these claims are waived for failure to preserve them before the trial court. With regard to K.H.'s competency, the record reflects that S.S. made no objection throughout the trial, and had an extensive opportunity to cross-examine K.H. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the

first time on appeal."); ***Commonwealth v. Williams***, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [Rule 1925(b) c]oncise [s]tatement does not revive issues that were waived in earlier proceedings").

With regard to his claim that K.H. was not sworn in at trial, S.S.'s brief is entirely deficient in establishing this claim. ***See Johnson***, 985 A.2d at 924 ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). "It is not the role of this Court to formulate [an a]ppellant's arguments for him." ***Id.*** at 925. Additionally, the record is devoid of any timely objection regarding an alleged failure to swear in K.H. ***See*** Pa.R.E. 103(a); Pa.R.A.P. 302(a). Moreover, S.S. has not cited any authority that would render K.H.'s testimony incompetent due to the alleged failure to swear in K.H. ***See Johnson***, ***supra***; Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"). Accordingly, both of these claims are waived.

Nevertheless, even if S.S. had not waived his challenge to K.H.'s competency, we would conclude that it lacks merit. Initially, S.S.'s argument hinges on perceived inconsistences in K.H.'s testimony, which is not persuasive and mischaracterizes our competency analysis. Indeed, inconsistencies in a witness's statements generally go to the witness's credibility, not the witness's competency. ***See Delbridge***, ***supra***. Additionally, S.S. has not alleged that any taint occurred, nor has he

demonstrated that K.H.'s testimony or memory was tainted. Moreover, we observe that the trial court highlighted its consistent and repeated findings of K.H.'s competency and credibility in its opinion. **See** Trial Court Opinion, 5/5/21, at 9-10, 12 (trial court highlighting previous orders and on-the-record findings of K.H.'s competency and credibility). Accordingly, even if S.S. had not waived this claim, we would conclude that it lacks merit.

In S.S.'s sixth claim, he contends that the verdict was against the weight of the evidence. Brief for Appellant, at 12-14. In particular, S.S. contends that the trial court found K.H. to be lacking in credibility and, therefore, improperly considered K.H.'s testimony in rendering its verdict. **Id.** at 13-14. S.S. argues that the trial court "cherry-picked" the testimony it chose to believe from K.H. **Id.** at 14.

Our standard of review related to a challenge to the verdict as against the weight of the evidence is well settled.

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Small**, 741 A.2d 666, 672-73 (Pa. 1999). Additionally, where the trial court has ruled on the weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence; rather, our appellate review is limited to whether the

trial court abused its discretion in ruling on the weight claim. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003).

The trial court addressed S.S.'s weight claim as follows:

Having carefully considered both the testimony presented to the [c]ourt and the exhibits admitted into evidence at the denial hearing, the Court finds that [S.S.]'s adjudications are not against the weight of the evidence. As stated previously, the [c]ourt concluded that [K.H.] was able to supply credible and sufficient detail. . . . In particular, [K.H.]'s testimony was credible as to at least one incident of [S.S.] inserting his penis into her mouth and rubbing his penis against her naked buttocks.

While there was no physical evidence presented in this case as to the delinquent acts committed by [S.S.], there does not need to be such evidence. . . . [T]he [c]ourt does not find that the adjudications of [S.S.] are so contrary to the evidence as to shock one's sense of justice.

Trial Court Opinion, 5/5/21, at 12-13 (citations omitted).

Our review of the record confirms that the trial court did not abuse its discretion when it concluded that the verdict was not against the weight of the evidence. ***See Champney***, ***supra***. Moreover, this Court will not reweigh evidence. ***See id.***; ***see also Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (reiterating it is not position of this Court to "reweigh the evidence or substitute our own judgment for that of the factfinder"). Additionally, as we highlighted above, the trial court repeatedly found K.H. to be credible, despite S.S.'s bald assertion to the contrary. ***See*** Trial Court

Opinion, 5/5/21, at 9-10, 12. Discerning no abuse of discretion, this claim fails.[13]

In S.S.'s seventh claim, he contends that the trial court erred in concluding that the Commonwealth had presented sufficient evidence of IDSI and indecent assault. Brief for Appellant, at 14-17. S.S. asserts that, as argued in his fifth claim, K.H. was not competent to testify and, thus, the trial court erred in relying on her testimony. *Id.* at 15-16. Additionally, S.S. argues that the inconsistencies in K.H.'s testimony made it unreliable and incapable of supporting the facts underlying his convictions. *Id.* at 16-17.

Our standard of review when reviewing a challenge to the sufficiency of the evidence is as follows:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of

---

[13] To the extent that S.S. claims, again, that the trial court relied on incompetent or unsworn testimony, as we discussed above, he has waived these challenges by failing to preserve them in a timely and contemporaneous objection at trial. *See Williams*, *supra*.

- 18 -

witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

At the outset we note that S.S. has made no specific challenges to either crime, or, more importantly, to any of the elements of either crime of which he was convicted. Indeed, both his Rule 1925(b) concise statement and his appellate brief are devoid of these required specifications. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (defendant waived sufficiency claim by failing to specify which elements he was challenging in concise statement and appellate brief, and by failing to cite to legal authority other than general standard of review); *see also Johnson*, *supra* (same). Additionally, we note that S.S.'s brief includes only a citation to the standard of review. Accordingly, S.S. has waived this claim. *See Johnson*, *supra*.[14]

Order affirmed.

---

[14] Even if S.S. had not waived this claim, we would conclude that S.S.'s claim lacks merit. S.S.'s entire sufficiency argument hinges on whether K.H. was competent to testify, and that K.H.'s testimony was inconsistent. As discussed above, S.S. has waived his challenge to K.H.'s competency. Additionally, S.S.'s contention regarding K.H.'s credibility sounds in a challenge to the weight of the evidence, which we have already addressed above. *See Smith*, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/15/2022